UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

OBEX SECURITIES, LLC,

                        Plaintiff,

    - against -

HEALTHZONE LIMITED,

                        Defendant.

------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/28/11

**MEMORANDUM
OPINION AND ORDER**

10 Civ. 6876 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I. INTRODUCTION

      OBEX Securities, LLC ("OBEX" or "plaintiff") seeks to recover damages from Healthzone Limited ("Healthzone" or "defendant") in connection with the collapse of their business relationship, alleging breach of contract and breach of the covenant of good faith and fair dealing. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Healthzone now moves to dismiss plaintiff's claim for breach of the covenant of good faith and fair dealing, on the grounds that it is duplicative of his breach of contract action.[1] For the reasons set forth below,

---

[1] Defendant initially filed a partial motion to dismiss three of the four counts in the Complaint — namely, (1) unjust enrichment; (2) breach of the covenant of good faith and fair dealing; and (3) declaratory relief. Following a court conference on February 15, 2011, plaintiff agreed to voluntarily withdraw,

1

defendant's partial motion to dismiss is granted in its entirety.

## II.  BACKGROUND[2]

### A.  The Parties

OBEX is a Delaware limited liability company that provides financial services, including equity financing.[3] OBEX is registered to do business in the State of New York, and its principal place of business is in New York.[4]

Healthzone is an Australian company engaged in the distribution, production, and retail franchising of health and beauty products.[5] It is incorporated under Australian law and its principal place of business is located in Australia.[6]

### B.  The Mandate

In 2009, Healthzone sought to raise working capital by issuing or

---

with prejudice, his unjust enrichment and declaratory relief claims. *See* 2/18/11 Plaintiff's Letter to the Court. Accordingly, for purposes of this motion, I need only decide whether plaintiff fails to state a claim for violation of the covenant of good faith and fair dealing.

[2]     All facts are drawn from the Complaint, and are presumed true for purposes of this motion. Only the facts relevant to this motion have been included.

[3]     *See* Complaint ("Compl.") ¶ 5.

[4]     *See id.*

[5]     *See id.* ¶ 6.

[6]     *See id.*

2

selling its equity securities to investors located in North America.[7] OBEX was identified as a prospective placement agent that could advise Healthzone with regard to "the size of Placements and to the structure and terms of any financing," and the two companies negotiated a consulting agreement whereby OBEX would identify potential investors in exchange for a placement fee from Healthzone.[8] The final written agreement (the "Mandate") was executed on September 25, 2009.[9]

Under the terms of the Mandate, Healthzone agreed to pay OBEX placement fees in the amount of "(i) nine percent (9.0%) of gross funds raised by OBEX under a Placement of ordinary shares; or (ii) four percent (4.0%) of gross funds raised by OBEX under Placements of debt, other securities[;] [or] (iii) nine percent (9.0%) of the fair and equitable value of the consummation of any transaction not [otherwise] specifically defined [in the Mandate]."[10] The Mandate provided that such placement fees were due with respect to all amounts "invested in [Healthzone] by entities based in North America and introduced to [Healthzone] by [OBEX]."[11]

---

[7] See id. ¶¶ 9-10.

[8] Id. ¶ 21.

[9] See id. See generally Mandate, Ex. A to the Compl.

[10] Mandate ¶ 6. Accord Compl. ¶ 22.

[11] Compl. ¶ 23.

3

C.  **The Complaint**

In September 2010, OBEX brought an action against Healthzone for its alleged failure to pay various placement fees to which OBEX was entitled under the Mandate.[12] The Complaint provides that "[p]ursuant to the Mandate, Healthzone is obligated to pay to Obex an amount of the Offering[13] as a Placement Fee, because all such proceeds were raised by or through . . . an Obex Party under the Mandate."[14] OBEX asserts that "Healthzone breached the Mandate by failing to pay to OBEX the Placement Fee in connection with the Offering."[15] Alleging *inter alia*, claims for breach of contract and breach of the covenant of good faith and fair dealing, OBEX seeks "recovery of money damages in connection with the breach of a binding, valid and enforceable contract, and a declaration of its future rights under the contract."[16]

---

[12] *See generally id.* Specifically, the dispute in the underlying action concerns whether OBEX's placement fees were limited to investments by entities based in North America or certain offshore domiciles that it *directly introduced* to Healthzone.

[13] The Complaint defines the "Offering" as the "private placement offering of Healthzone's equity securities to qualified investors located in North America." *Id.* ¶ 35.

[14] *Id.* ¶ 81.

[15] *Id.* ¶ 83.

[16] *Id.* ¶ 1.

## III. LEGAL STANDARD

### A. Motion to Dismiss

On a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must "accept as true all of the factual allegations contained in the complaint"[17] and "draw all reasonable inferences in plaintiff's favor."[18] On the other hand, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[19] To survive a motion to dismiss, therefore, the allegations in the complaint must meet a standard of "plausibility."[20] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21] Plausibility "is not akin to a probability requirement," rather, plausibility requires "more than a sheer possibility that a

---

[17] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007) (quotation marks and citation omitted).

[18] *Ofori-Tenkorang v. American Int'l Group, Inc.*, 460 F.3d 296, 298 (2d Cir. 2006).

[19] *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009).

[20] *Twombly*, 550 U.S. at 564.

[21] *Iqbal*, 129 S. Ct. at 1949 (quotation marks and citation omitted).

5

defendant has acted unlawfully."[22]

## B. Breach of the Covenant of Good Faith and Fair Dealing

The covenant of good faith and fair dealing "embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract."[23] The covenant is implied in every contract governed under New York law.[24] Accordingly, a "breach of the implied duty of good faith is considered a breach of the underlying contract."[25] For this reason, "a claim for breach of the implied covenant [of good faith and fair dealing] will be dismissed as redundant where the conduct allegedly violating the implied covenant is also the predicate for breach of covenant of an express provision of the underlying contract."[26]

## IV. DISCUSSION

Healthzone argues that OBEX's "breach of the covenant of good faith

---

[22] *Id.* (quotation marks omitted).

[23] *511 West 232nd Owners Corp. v. Jennifer Realty Co.*, 98 N.Y.2d 144, 153 (2002) (quotation marks and citation omitted).

[24] *See M/A-COM Sec. Corp. v. Galesi*, 904 F.2d 134, 136 (2d Cir. 1990).

[25] *Deutsche Bank Securities, Inc. ("Deutsche Bank") v. Rhodes*, 578 F. Supp. 2d 652, 664 (S.D.N.Y. 2008) (citing *Harris v. Provident Life & Acc. Ins. Co.*, 310 F.3d 73, 80 (2d Cir. 2002)).

[26] *ICD Holdings S.A. v. Frankel*, 976 F. Supp. 234, 243-44 (S.D.N.Y. 1997) (quotation marks and citation omitted).

and fair dealing claim . . . [is] merely [its] breach of contract claim[] repeated under the guise of a different heading and should be dismissed."[27] Indeed, OBEX cannot sustain both claims because they are premised on the same set of facts, and "a party may maintain a claim for breach of the implied covenant only if the claim is based on allegations different from the allegations underlying the accompanying breach of contract claim."[28] Because the success of either claim is dependant upon a finding that OBEX violated the terms of the Mandate, the claim for breach of the implied covenant is redundant and must be dismissed.[29]

---

[27] Defendant's Memorandum of Law in Support of Its Partial Motion to Dismiss the Action at 3.

[28] *Deutsche Bank*, 578 F. Supp. 2d at 664 (citations omitted). The cause of action for breach of contract "incorporates the allegations set forth in Paragraphs 1 through 101" and notes that "[t]he above-described acts of Healthzone constitute a breach of the Mandate that resulted in injury to OBEX as set forth herein." *Id.* ¶¶ 102-103. The cause of action of breach of the covenant of good faith and fair dealing incorporates "the allegations set forth in Paragraphs 1 through 103" and asserts that "Healthzone acted unfairly and in bad faith in order to thwart the benefits of the Mandate." *Id.* ¶¶ 104-105.

[29] OBEX correctly notes that a party may be in breach of the implied covenant, even where it is not in breach of its express contractual obligations. *See E*Trade Fin. Corp. v. Deutsche Bank AG*, No. 05 Civ. 0902, 2008 WL 2428225, at * 26 (S.D.N.Y. June 13, 2008) ("In most circumstances, claims for breach of contract and the covenant of good faith and fair dealing are duplicative; however, in some cases, a party may be in breach of its implied duty of good faith and fair dealing even if it is not in breach of its express contractual obligations.") (quotation marks and citation omitted). However, because OBEX's claim for breach of the implied covenant is directly based on Healthzone's alleged breach of the contract terms, the claims are indivisible.

## V. CONCLUSION

For the foregoing reasons, defendant's partial motion to dismiss plaintiff's claim for breach of the covenant of good faith and fair dealing is granted. The Clerk of the Court is directed to close this motion [Docket No. 5].

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            February 28, 2011

## - Appearances -

**For Plaintiff:**

Thomas C. Jardim, Esq.
Berman, Sauter, Record & Jardim, P.C
140 Broadway, 46th Floor
New York, NY 10005
(212) 208-1436

**For Defendant:**

Barry Richard Lax, Esq.
Lax & Neville, LLP
1412 Broadway
Suite 1407
New York, NY 10018
(212) 696-1999

Brian Joseph Neville, Esq.
Law Offices of Brian Neville
225 Broadway, Suite 1200
New York, NY 10007
(212) 732-7179

Brian David Maddox, Esq.
Venable LLP
1270 Ave of the Americas
New York, NY 10020
(212) 307-5500